## CHARLES F. DRAKE *vs.* WALTER J. BICKNELL et al.

Waldo County. Decided April 5, 1921. This is a bill in equity in which the plaintiff seeks to restrain the defendant from enforcing a judgment and the execution issued thereon. The special findings of the sitting Justice aptly and correctly state the case and the contentions of the parties. Those findings and the decree based thereon are as follows:

"Charles F. Drake, the plaintiff, and Walter J. Bicknell one of the defendants in this bill in equity, having certain claims each against the other, met on November 9th, A. D. 1916, at Hampden, Maine and entered into a valid agreement upon a sufficient consideration, whereby all claims which each then had against the other, including the claim which said Bicknell then had against said Drake on said judgment and on the outstanding execution issued thereon, became and then were completely satisfied and extinguished. The terms of said agreement were that said Drake was forthwith to send his check for sixty-two dollars and fifty cents to said Bicknell, and in addition thereto Drake was to pay the bill of Messrs. Mayo and Snare for their services rendered and their disbursements made as attorneys for said Bicknell in the action wherein said judgment was rendered, when said Drake should have been advised as to the amount of said bill. Drake never was advised as to the amount thereof, Pursuant to said agreement said Drake on the following day, seasonably sent to said Bicknell by mail, postage prepaid, his check payable to the order of said Bicknell for sixty-two dollars and fifty cents, which Bicknell received endorsed in blank, and accepted in part performance of said agreement. Bicknell's subsequent conduct in connection with said check does not affect the legal or equitable rights of the parties.

"After said agreement was made and partially performed by said Drake by payment of his check as aforesaid, to wit, on the fourteenth day of December 1916, certain real estate of said Drake was taken by the sheriff of the County of Waldo, on an execution issued on said judgment, and advertised to be sold as alleged in said Plaintiff's bill in equity: but said judgment and execution thereon were not then in full force and effect, but were both completely satisfied and extinguished by said agreement.

## FINAL DECREE

"This cause having been heard by me upon bill, answer, replication and proofs, and having been argued by counsel, came on this day to be further heard; and thereupon, upon consideration thereof, the plaintiff's bill is sustained with costs, as against the defendant, Walter J. Bicknell, and it is ordered, adjudged and decreed as follows, namely: That a writ of injunction issue against the defendant, Walter J. Bicknell, his attorneys and agents, perpetually enjoining and restraining said Walter J. Bicknell, his attorneys and agents from enforcing or attempting to enforce or satisfy either wholly, or in part, the judgment which was recovered by said Walter J. Bicknell against said Charles F. Drake on June 9th, 1916, by the consideration of the Supreme Judicial Court held at Bangor within and for the County of Penobscot, in said State of Maine, at the April A. D., 1916 term of said Supreme Judicial Court, for the sum of $352.00, debt or damage and $25.87, cost of suit, which said judgment is described in said plaintiff's bill in equity, and all executions which have issued out of said court on said judgment: and from all attempts directly or indirectly to accomplish such object."

No error of fact or law having been discovered in these findings or decree the same are adopted and sustained. Appeal dismissed. Decree below affirmed with costs, against defendant Bicknell.   *Walter A. Cowan,* for plaintiff.   *Mayo & Snare,* for defendant.